E. G. LYONS & RAAS CO. v. DEUTSCHE DAMPSCHIFFFAHRTS-GESELSCHAFT KOSMOS et al.

(District Court, N. D. California, First Division. May 16, 1917.)

No. 15879.

ADMIRALTY ⬦⟜54—FOREIGN ATTACHMENT—APPEARANCE OF RESPONDENT.
    The owner of a vessel seized under foreign attachment, who has not been served with process, is not required to give a stipulation for value as a condition precedent to entering appearance to defend the suit.
    [Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 443–447.]

In Admiralty. Suit by the E. G. Lyons & Raas Company against the Deutsche Dampschifffahrts-Geselschaft Kosmos, a corporation; and Olson & Mahony, a corporation. On motion by libelant for entry of default. Denied.

Andros & Hengstler and Golden W. Bell, all of San Francisco, Cal., for libelant.

Denman & Arnold and Wm. B. Acton, all of San Francisco, Cal., for respondent Deutsche Dampschifffahrts-Geselschaft Kosmos and others.

DOOLING, District Judge. The libel was filed August 25, 1915, and on the same day, upon order of the court, a citation and foreign attachment issued. The marshal's return on the process shows that he was unable to find the respondent in this district, and that consequently he—

"attached the steamship Serapis belonging to the respondent, at San Francisco, and took the said steamship into his custody without placing a keeper in charge thereof, on August 25, 1915."

The attachment with the return was filed in this court on August 30, 1915, after which nothing seems to have been done until April 20, 1917, when the following appearance was filed on behalf of respondent, the owner of the Serapis:

---

"Appearance of Kosmos Line.

"To the Clerk of the Above-Entitled Court, and to Libelant Above Named, and To Messrs. Andros Hengstler and A. Heynemann, Esq., Its Proctors:

"You, and each of you, will please take notice that Deutsche Dampschiff-fahrts-Geselschaft Kosmos, a corporation, one of the respondents named above, hereby appears in said action, through the undersigned, its proctors, and requests the clerk of said court to enter said appearance of record.

"Dated April 18, 1917.                          Denman and Arnold,

"Proctors for Deutsche Dampschifffahrts-Geselschaft Kosmos, a Corporation, also Known as Kosmos Line."

No stipulation was filed by respondent, nor does it ask that its vessel be released from the attachment. Libelant now moves that the default of respondent be entered, or that it be directed to file a stipulation for the amount claimed in the libel. The motion is resisted by respondent.

The theory upon which libelant makes this motion is not quite clear. No application for a default was made prior to the appearance above noted. It is quite true that the admiralty rule (Rule 4, 29 Sup. Ct. xxxix) provides that the attachment may be dissolved upon the defendant giving bond or stipulation to abide all orders, interlocutory or final, of the court, and pay the amount awarded by the final decree. But if the respondent does not seek a dissolution of the attachment, it seems to me he may file his appearance and answer the libel as in other cases without filing such stipulation, letting libelant look to the attached vessel to satisfy any decree thereafter entered.

There does not seem to be anything in the rules which requires a respondent, who comes in to defend his goods taken by virtue of a foreign attachment, to secure the release of such goods by stipulation as a condition precedent to his right to defend them.

The motion will therefore be denied.